## Altieri v. Pennsylvania Coal Company

*James P. Harris*, for defendant.

*William Degillio*, for additional defendants.

PINOLA, P. J., November 10, 1961.—On July 28, 1961, depositions were to be taken under the Pennsylvania Rules of Civil Procedure relating to discovery,

of Louis Fabrizio, August J. Lippi, Robert L. Dougherty, Josephine Sciandra and Joseph Sciandra.

They refused to answer practically all questions on the ground that their answers might tend to incriminate them.

Thereupon, counsel for the Pennsylvania Coal Company (herein called Pennsylvania) petitioned for an order compelling them to answer questions concerning the Knox Coal Company, the dealings and knowledge of each with the affairs of that company, and particularly regarding the operation and ownership of the River Slope mine.

Because of appeals pending in the Superior Court, counsel for Pennsylvania have withdrawn their request as to Messrs. Fabrizio, Lippi and Dougherty, reserving the right to renew their application when disposition is made of the appeals.

They insist, however, that Mrs. Sciandra and her son, Joseph, be required to testify.

There are several indictments pending in the Federal courts against Mrs. Sciandra, but there are no indictments against Joseph Sciandra anywhere. However, he claims that because of testimony given before the Legislative Investigation Committee and at the trial in Northampton County of some officials of the Knox Company, he might become involved in perjury.

Counsel for Pennsylvania urge (1) that indictments, or possible indictments, under Federal law do not give one a right to refuse to testify in a State proceeding, and (2) that, since the statute of limitations bars any prosecution in the State, both should be compelled to testify.

Counsel cite in support of their first proposition, two cases: Feldman v. United States, 322 U. S. 487, 88 L. Ed. 1408, and Knapp v. Schweitzer, 357 U. S. 371, 2 L. Ed. (2d) 1393.

In the Feldman case, the Supreme Court made it clear that the complete nonparticipation of Federal authorities in the State proceeding was an important element in permitting the use of that testimony in a Federal court. In the Knapp case, there was coöperation between the State and Federal officers in obtaining the evidence, and, therefore, the appellate division reasoned that the evidence would be held inadmissible in the Federal proceeding and, accordingly, affirmed the contempt citation. However, the Supreme Court, over a vigorous dissent, held that the Federal privilege could not be claimed before a State tribunal.

And in a later case (Mills v. Louisiana, 360 U. S. 230, 3 L. Ed. (2d) 1193), in a per curiam decision, it affirmed a State contempt conviction despite evidence of close coöperation between State and Federal authorities.

According to a study by Professor McNaughton, the majority of the States, like the Supreme Court, hold that incrimination under foreign law is irrelevant. In the minority camp he lists Michigan, Kentucky and Florida, and he notes a trend toward this position in Louisiana and Pennsylvania. For an excellent discussion, see McNaughton, Self-Incrimination under Foreign Law, 45 Va. L. Rev. 1299 (1959), and Kroner, Self-Incrimination: The External Reach of the Privilege, 60 Columbia L. Rev. 816.

In Putnik Travel & Tourist Agency v. Goldberg, 17 D. & C. 2d 590, Judge Chudoff, after reviewing the Federal cases, came to the conclusion that the constitutional privilege against self-incrimination extends to protect a witness as to matters which may subject him to prosecution in another jurisdiction, particularly where the danger of prosecution in such other jurisdiction is impending rather than remote.

The indictments against Mrs. Sciandra clearly entitle her to exercise her privilege. As for Joseph Scian-

dra, there being no indictments pending and no immediate danger of prosecution in the State, we hold that he is not entitled to exercise the privilege.

The second contention of counsel for Pennsylvania is that, since the statute of limitations bars any prosecution in this State, both Mrs. Sciandra and her son should be compelled to testify. Our Supreme Court has taken a contrary position. In McFadden v. Reynolds, 20 W. N. C. 312, it declared (page 313):

"It seems to us he is protected against criminating himself in such a manner as to subject himself even to a prosecution. Were he compelled to answer the question as a witness his answer would be sufficient, when testified to by others who heard it, to lay before a magistrate who could commit him to prison to answer the charge in default of bail. It would be also sufficient to place before a grand jury who could find an indictment against him upon mere proof of his extorted answer. He could thereupon be compelled to appear in a criminal court to answer the charge, and would be obliged to employ counsel to defend him. He would necessarily undergo all the expense and trouble besides suffering the shame, perhaps the ignominy, of defending himself against a criminal accusation made by his own mouth against himself because he was coerced to do so by the peremptory order of a Court clothed with power to commit him indefinitely to prison for contempt in case of disobedience. At least he would be obliged to plead the Statute of Limitations, and if the crime were infamous an acquittal on such a plea would be scarcely better than a conviction.

"We have never held that a witness might be compelled to criminate himself in such circumstances, and with our present views we decline to hold so now."

That decision was followed by Judge Montgomery in Rosenbaum Co. v. Tomlinson, 7 D. & C. 2d 500.

Accordingly, we enter the following

718

*Order*

Now, November 10, 1961, the motion to require Josephine Sciandra to testify is denied; the motion to require Joseph Sciandra to testify is granted; and it is ordered and directed that he appear and testify as to all matters between him and the Knox Coal Company, particularly with reference to the operation of River Slope mine, at such time and place as shall be fixed by counsel for Pennsylvania.